El Pueblo de Puerto Rico, demandante y apelado, *v.* Lino de Jesús, acusado y apelante.

Núm. 8139.—*Sometido:* Julio 15, 1940. *Resuelto:* Julio 19, 1940.

El acusado compareció por su propio derecho; *R. A. Gómez, Fiscal,* y *Luís Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El Fiscal del Distrito de San Juan formuló en mayo 22, 1939, dos acusaciones contra Lino de Jesús, una por asesinato perpetrado en la persona de Petra Méndez Rodríguez en mayo 12, 1939, en la municipalidad de San Juan, y otra por portar un revólver, arma prohibida, en el sitio y fecha indicados.

Celebrado el juicio por asesinato ante un Jurado éste declaró al acusado culpable del delito imputádole, en segundo grado. Por su sentencia, dictada el 30 de enero de 1940, la corte le impuso veinte años de presidio con trabajos forzados.

El caso por portar armas se sometió a la corte por la prueba del de asesinato. La corte estimó dicha prueba suficiente y dictó sentencia declarando culpable al acusado e imponiéndole seis meses de cárcel.

Apeló el acusado en ambos casos. La transcripción de los autos fué elevada y el apelante personalmente archivó su alegato que contestó el fiscal. La vista se celebró el 15 de julio en curso.

Sostiene el apelante en relación con el caso de asesinato, que el veredicto es contrario a la prueba, que se violaron sus derechos constitucionales, que pidió juicio ante la corte

y se le celebró ante un jurado y que la corte erró al imponerle la pena y al declarar sin lugar su moción de nuevo juicio.

■ Examinemos el primer señalamiento de error. La prueba de cargo tendió a demostrar que el 12 de mayo de 1939, como a las nueve de la noche, frente a la fundición Abarca, en Santurce, Petra Méndez Rodríguez y Jovita Córdova acompañadas de dos amigos, caminaban en dirección al aeropuerto y que el acusado las seguía y sin que mediaran palabras disparó su revólver por detrás e hirió a Petra que murió a consecuencia de la herida, encontrándose por el doctor Martínez Alvarez al practicar la autopsia del cadáver, la bala alojada en el cerebro. Y tendió a demostrar además que Petra vivió en concubinato con el acusado y tuvo con él disgustos el último de los cuales ocurrió en la mañana del propio día 12 de mayo de 1939.

La evidencia del acusado, consistente en su propia declaración, tendió a demostrar que en la noche de autos se encontraba con otra mujer, que Petra Méndez se les acercó y comenzó a insultarlos, acometiendo a su compañera por encima de él que retrocedió y al pisar un arco de barril cayó al suelo. Entonces sacó su revólver y disparó para asustarla pero sin intención de herirla.

El jurado recibió las debidas instrucciones y decidiéndose por la prueba del Pueblo, declaró culpable de asesinato en segundo grado al acusado. Nada demuestra que actuara movido por pasión, prejuicio o parcialidad o que cometiera error alguno. Su veredicto está ampliamente sostenido por la evidencia a que dió crédito. No hubo error.

■ La violación de derechos constitucionales que se señala como error, se hace consistir en que el acusado no tuvo la asistencia legal que la Constitución le garantiza porque tenía derecho no ya a ser defendido por un abogado nombrado de oficio si que a que se le nombrara el abogado que él eligiera.

Claro es que cualquier acusado tiene derecho a ser representado por el abogado que él elija y lleve consigo. Pero

si acude a la corte sin abogado, la corte cumple con la ley si le nombra abogado de oficio que lo asista y guíe en su defensa.

Además, los autos no demuestran que el acusado en este caso hiciera la más leve objeción al abogado que se le nombró de oficio cuando se le leyeron las acusaciones. Lo que de los autos surge es lo que sigue:

Al acto de la lectura el acusado compareció "en persona y asistido de su abogado de oficio el Lic. Justo A. Casablanca."

Luego, al celebrarse el juicio, el acusado compareció "en persona y asistido de sus abogados Sres. Antonio J. Amadeo y Ciro Malatrasi."

Y por último, al discutirse la moción de nuevo juicio estuvo dicho acusado representado "por su abogado Sr. Santana Becerra."

No encuentra, pues, apoyo en los autos el segundo señalamiento de error. Tampoco el tercero que se hace consistir en que el acusado pidió que lo juzgara el tribunal y lo juzgó un jurado, ya que de los autos todo lo que aparece es que el acusado al leérsele la acusación "manifestó ser inocente y solicitó juicio por jurado."

■ Para sostener el quinto señalamiento de error o sea el que se imputa a la corte al imponer la pena, se alega por el acusado que su abogado le había ofrecido que si se declaraba culpable le impondrían diez años de presidio, a lo que se negó el juez.

En primer lugar, si es que existió tal promesa, ni tuvo facultad el abogado para hacerla, ni la corte quedó por ella obligada en modo alguno. Además, el acusado no se declaró culpable. Fué juzgado a virtud de la evidencia aportada y la pena que le impuso el juez sentenciador está autorizada por la ley.

El último error señalado se refiere a la moción de nuevo juicio que ni siquiera forma parte de la transcripción.

■ En cuanto al recurso en el caso de portar armas, aunque el alegato indica al principio que lo comprende, no contiene luego argumento alguno para sostenerlo. Examinados los autos, no sólo surge de la prueba de cargo si que de la de descargo que el arma prohibida la portaba el acusado.

*Ambos recursos carecen, pues, de mérito y deben declararse sin lugar, confirmándose las sentencias apeladas.*

El Juez Asociado Sr. De Jesús no intervino.